## WEBB v. MAY ET UX.

ACTION of book debt, for articles delivered the wife before marriage.   The jury found the following special verdict, viz.   " That said Martha, while sole, and before her intermarriage with the defendant, in the years 1773 and 1774, being then a minor, under the age of eighteen years, and more than fourteen years, and possessed of sufficient estate in her own right, did, with the consent and approbation of Ezekiel Williams, Esq. of Weathersfield, purchase, take, and receive of the plaintiff, the several goods and articles charged in the plaintiff's account, to her own use and benefit:   That said Williams was duly appointed, by the Court of Probate, guardian to said Martha, when she was of the age of nine years only, her father being then dead, and no other guardian

was ever elected or appointed to said Martha: That said articles charged as aforesaid, were all for necessaries suitable to the rank and condition of the said Martha, who then, and before, lived with her mother, and not with said Williams: That said articles were first charged to said Williams, by the plaintiff, without any express agreement of said Williams: That said Williams afterwards disclaimed, and refused to pay the same; whereon the plaintiff discharged said Williams, and by said Williams' order and direction, charged the same to said Martha."

On which judgment was rendered for the plaintiff.

By the whole COURT. At common law, minors of the age of discretion, are bound by their contracts for necessaries; none would otherwise trust them, and they would be in worse condition than persons of full age.

How far persons under the government of parents, masters, or guardians, were, by the late statute, disabled to make any contracts or bargains, which should be valid against them, it is not necessary in this case to determine; for the minor here was not in that predicament. The guardianship of Mr. Williams, by virtue of the appoinment made when she was nine years of age, could continue only till she arrived at twelve, and was of age to choose for herself.— The surety given for his faithful guardianship could hold no longer; and no subsequent acquiescence, or implied choice on the part of the minor, could continue him her legal guardian, without an allowance of the judge of Probate, and new security given. Without surety, there can be no guardianship, conformable to the statute.

Webb v. May et ux.

Upon the facts found, therefore, in this verdict, the law is with the plaintiff.

This judgment was afterwards reversed in the Supreme Court of Errors.